UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS BAYNE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:25-cv-00570-JAW |
| | ) | |
| KEVIN JOYCE | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Petitioner, who is in custody at the Cumberland County Jail, seeks a writ of habeas corpus and his release from state custody.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a habeas petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").  A preliminary review of the petition, therefore, is appropriate.[1]

After review of the petition, I recommend the Court dismiss the matter.

---

[1] Petitioner's claims are likely governed by § 2241 rather than § 2254, but "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).  Title 28 U.S.C. § 2243 also supports a preliminary review.  Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue and order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*."  (emphasis added).

## DISCUSSION

Petitioner's claims are difficult to decipher in part because his allegations are contained in numerous filings and because he has pursued at least one prior related habeas petition and several prior civil actions for damages based on some of the same or similar allegations.[2]    Through his filings in this case, Petitioner seeks his release and the termination of criminal proceedings currently pending in state court because, according to Petitioner, the search leading to the revocation of his bail was unlawful, because the evidence obtained does not support a revocation of his bail or the criminal charges against him, because his time in custody has been excessive, and because he has experienced other violations of his rights.

As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015). Abstention is mandatory absent

---

[2] In addition to the habeas petition, in this case, Petitioner also filed seven motions and ten other attachments apparently intended to include allegations in support of his petition.  The Court previously dismissed a habeas petition challenging his custody in Missouri before he returned to Maine, *see Bayne v. Jackson County Corrections*, 2:25-cv-00305-JAW, the Court previously dismissed an attempt to remove one of the state court criminal cases to federal court, *see State v. Bayne*, 2:25-cr-00153-JAW, the Court previously dismissed a habeas petition seeking similar relief as in this case, *see Bayne v. Lisbon Police Department*, 2:25-cv-00404-JAW, and the Court has dismissed two § 1983 suits seeking damages for alleged constitutional violations, some of which are related to Petitioner's allegations here, *see Bayne v. Mills*, 2:25-cv-00047-SDN; *Bayne v. Cumberland County Sheriff,* 2:25-cv-00421-JAW.  The Court can consider the prior cases to the extent that Petitioner provided facts that help explain the alleged incidents underlying his claims and the pending state court proceedings that are the bases of the current habeas corpus petition seeking release from state custody.

"extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation,* 794 F.3d at 192, 197.

The Court can take judicial notice of the records in the pending state court criminal cases, including *State v. Bayne*, ANDCD-CR-2025-00447 (Lewiston D. Ct.) and *State v. Bayne*, ANDCD-CR-2024-02218 (Lewiston D. Ct.). The dockets and Petitioner's version of events recounted in this case and in the filings in his prior cases reveal that Petitioner was previously released on bail, he left Maine and went to Missouri, after returning to the State of Maine, his bail was revoked, and he has since been represented by counsel. The state court records also suggest some likely reasons for the delay about which Petitioner complains, which reasons include a competency evaluation and hearing. Furthermore, a speedy trial motion has been filed, and the matters are scheduled for a docket call in April, presumably in advance of trial.

Neither the state court records nor Petitioner's nonconclusory allegations could plausibly support a finding of extraordinary circumstances that would satisfy an exception to the *Younger* doctrine. Abstention, therefore, would be required. *See Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012) ("Courts have consistently applied the *Younger* doctrine to dismiss habeas

claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances").[3]

## CONCLUSION

After a review of Petitioner's filings, for the reasons explained herein, I recommend the Court dismiss the matter.[4]  Furthermore, because Petitioner has filed multiple matters that the Court has dismissed upon a preliminary review (see footnote 2, *supra*), I also recommend the Court issue an order placing Petitioner on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[3] To the extent that any of Petitioner's allegations could be construed to raise claims that would not fall within the jurisdictional exception of the *Younger* doctrine, there are also insufficient nonconclusory factual allegations to state a plausible claim of entitlement to relief.  For example, the personal difficulties and alleged infringements of other rights would not support the relief Petitioner seeks here: release from current confinement and dismissal of the charges against him.  To the extent that Petitioner raises the same issues the Court addressed previously, claim and issue preclusion prevent him from relitigating them and the claims fail for the same underlying reasons discussed in the prior cases.

[4] In the event the Court does not dismiss the matter, because I have concluded that Petitioner is not entitled to the relief he seeks in this Court and because Petitioner has not otherwise demonstrated that he is entitled to summary judgment on his claim nor that his immediate release is warranted, I recommend the Court deny Petitioner's motions for immediate release (ECF Nos. 7, 15, 18) and Petitioner's motion for summary judgment. (ECF No. 8.)

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2026.